IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUSTIN DONLEY CONSTRUCTION SERVICES, LLC, )<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH AARON ROSENTHAL, an individual, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No. CIV-22-1010-SLP<br>)<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

This matter is before the Court pursuant to its Order to Show Cause [Doc. No. 23], directing Plaintiff to show cause why its claims against "John Doe" Defendants 1-4 should not be dismissed for failure to effect service of process within 90 days from the filing of the Complaint, *see* Fed. R. Civ. P. 4(m), as extended by prior Order of the Court to May 31, 2023. *See* [Doc. No. 23] at 1. Plaintiff timely filed a Response [Doc. No. 24]. For the reasons that follow, the Court finds an extension of time for service is not warranted.

"If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also Powell v. Bd. of Cty. Comm'rs*, No. CIV-18-294-D, 2019 WL 2238022, at *9 (W.D. Okla. May 23, 2019) (applying Rule 4(m) to John Doe defendants).

In its Response, Plaintiff does not offer any argument or cite any authority regarding "good cause" under Rule 4, nor does it discuss a mandatory or permissive extension of time to serve the John Doe Defendants. Resp. [Doc. No. 24] at 1-6. Plaintiff does not address service in any way whatsoever, nor does it request an extension of its deadline to serve the John Doe Defendants.[1] *Id.* This is wholly insufficient to warrant further extension of the service deadline.

To the extent its filing can be construed as a response, Plaintiff states it needs additional early discovery to identify the John Doe Defendants, and it believed it could not seek discovery because the case is not yet "at issue" due to the pending Motion to Compel Arbitration [Doc. No. 18] filed by Defendants Joseph Rosenthal and ASC Group, LLC.[2] Crucially, however, Plaintiff fails to explain why it waited more than a year to ask for early discovery regarding the John Doe Defendants, whom Plaintiff maintains are not subject to the Motion to Compel Arbitration anyway. Resp. [Doc. No. 24] at 3-4.

Moreover, ability to ask for early discovery is nothing new in this action—Plaintiff requested such relief prior to the first show cause order, *see* [Doc. No. 3], and it could have made such a request at any time before or after the Motion to Compel Arbitration was filed.

---

[1] Instead, Plaintiff attempts to use its show cause response as a motion for early discovery, but that request is wholly improper. *See* LCvR7.1(c) ("Each motion filed shall be a separate document, except where otherwise allowed by law, these rules, or court order.").

[2] The rest of Plaintiff's Response restates its efforts that led to identification of Mr. Rosenthal and ASC Group and the filing of the Amended Complaint. Resp. [Doc. No. 24] at 1-3. All this was previously stated by Plaintiff in Response to the Court's initial Order to Show Cause, *see* [Doc. No. 8], at which time the Court extended Plaintiff's service deadline to May 31, 2023. *See* Order [Doc. No. 9]. But none of this explains why Plaintiff failed to take any action with respect to the remaining Defendants since then.

*See* LCvR26.3(a)-(c) (although discovery generally may not be sought while a Rule 12(b) motion is pending, "[t]he parties may stipulate that discovery is permitted" prior to resolution of the motion, or "[a]ny party may move that discovery be permitted prior to" resolution). Accordingly, Plaintiff has failed to establish good cause so as to warrant a mandatory extension of time. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *see also Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) ("[G]ood cause" in Rule 4 "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." (internal quotation marks and citation omitted)).

The Court further finds a permissive extension of time is not warranted under the *Espinoza* factors. *See Espinoza*, 52 F.3d at 842 (addressing factors such as the statute of limitations; complexity of service; or confusion or delay attendant to in forma pauperis status). The Court reiterates that Plaintiff fails to discuss any of these factors, and the sole reason asserted for its failure to serve the John Doe Defendants is that it needed early discovery it waited more than one year to seek, despite the fact that it previously sought early discovery as to other Defendants. *See May v. Okla. Dep't of Corr.*, No. 99-6267, 2000 WL 633244, at *2 (10th Cir. May 17, 2000) (it is the plaintiff's "responsibility to monitor the progress of service and to take reasonable steps to assure that [defendants are] timely served.").

Even if the first two *Espinoza* factors were to weigh in Plaintiff's favor—which it has not shown—the Court finds Plaintiff's substantial delay and failure to ask for a permissive extension or otherwise address service are predominant considerations. *See*

3

*Gumm v. Fed. Bureau of Prisons*, No. CIV-06-866-R, 2007 WL 3312785, at *3 (W.D. Okla. Nov. 6, 2007) ("[T]he mere fact that the applicable limitations period has run does not make dismissal inappropriate."); *Valdez v. Chuwanti*, No. 122CV00003KWRJHR, 2022 WL 17093445, at *3 (D.N.M. Nov. 21, 2022) ("[T]he mere possibility of a statute of limitations bar does not establish good cause for failure to timely serve and does not preclude the Court from exercising its discretion to dismiss a case."); *Despain*, 13 F.3d at 1439 ("The fact that the statute of limitations has run, however, does not demonstrate good cause and does not make dismissal under Rule 4(j) inappropriate."). And even if service of the John Doe Defendants may be considered complex, Plaintiff was on notice very early in this action of the need to timely identify and serve those Defendants, *see* [Doc. Nos. 7, 9], and it demonstrated its ability to identify other Defendants early on. *See Grumm*, 2007 WL 3312785, at *4 (dismissing a pro se plaintiff's claims against certain defendants for failure to timely serve despite "complex requirements of multiple service" where the plaintiff was repeatedly reminded of the need to timely serve them).

IT IS THEREFORE ORDERED that Plaintiff's claims against John Doe Defendants 1-4 are DISMISSED without prejudice.

IT IS SO ORDERED this 12th day of August, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE