IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUSTIN DONLEY CONSTRUCTION SERVICES, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>JOSEPH AARON ROSENTHAL, et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)  Case No. CIV-22-1010-SLP<br>)<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

Before the Court is Plaintiff's Application to Confirm Arbitration Award and Brief in Support (the Application) [Doc. No. 40]. Plaintiff, Dustin Donley Construction Services, LLC, seeks the confirmation of an arbitration award, pursuant to 9 U.S.C. § 9 of the Federal Arbitration Act (FAA), against Defendants ASC Group, LLC (ASC) and Joseph Aaron Rosenthal (Rosenthal). For the reasons that follow, the Court grants the Application in part and denies it in part.

As addressed more fully in the Court's March 3, 2026, Order [Doc. No. 71], this matter has a complicated factual and procedural background. The Court summarizes the background pertinent to the Application as follows. Plaintiff brings this action for damages suffered from a fraudulent scheme allegedly perpetrated by all the named Defendants. Plaintiff initially filed a Complaint on November 28, 2022. *See* Compl. [Doc. No. 1]. Because the perpetrators of the fraudulent scheme had used aliases, the Complaint only named John Does as Defendants. *See* id. After conducting early discovery, Plaintiff named

ASC and Rosenthal as defendants for the first time in the Amended Complaint.[1]  *See generally* Am. Compl. [Doc. No. 10].  The Amended Complaint brought claims against the Defendants, collectively, relating to violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-68, as well as state law claims for fraud and conspiracy to commit fraud.  *Id*. On May 16, 2023, ASC and Rosenthal filed a Motion to Stay the Action and Compel Arbitration [Doc. No. 18].  On August 14, 2024, the Court granted ASC's and Rosenthal's Motion and ordered the parties to arbitration. *See generally* Order [Doc. No. 27].  The Court stayed this matter pending the completion of the arbitration proceedings. *Id*.

Plaintiff filed a Demand for Arbitration with Arbitration Services, Inc. on October 10, 2024 (which was subsequently amended on October 28, 2024), naming, among others, Joseph Aaron Rosenthal, Benjamin Aryeh, and ASC Group, LLC as respondents in the proceeding[2] (the Arbitration Respondents). App. [Doc. No. 29-1] at ¶¶9-10.  Plaintiff alleged the Arbitration Respondents were liable under a common-law fraud claim and violations of the Racketeer Influenced Corrupt Organizations Act. *Id*. at ¶ 11.  The Arbitration Respondents were served with the Amended Demand for Arbitration by Arbitration Services, Inc. on October 28, 2024.  *Id*. at ¶¶ 12-13.  The Arbitration

---

[1] The Amended Complaint named John Does as the remaining defendants.  *See generally* Am. Compl. [Doc. No. 10].

[2] John Doe #1 a/k/a Pine Equities, John Doe #2 a/k/a Oak Capital Grp., John Doe #3 a/k/a Jerry Thomas, and John Doe #4 a/k/a Jeff Greene were also named as respondents in the proceeding. However, there is no indication in the record before the Court that the identity of these parties were discovered in the arbitration proceeding.

Respondents failed to respond to the Amended Demand for Arbitration as required by the rules set forth by Arbitration Services, Inc.³  *Id*. at ¶¶ 17-18.  Based on the default of the Arbitration Respondents and the presentation of evidence by the Plaintiff, arbitrator Allan L. Pullin issued an arbitration award, finding in favor of Plaintiff and against the Arbitration Respondents, jointly and severally.  *Id*. at ¶ 24.  The arbitrator awarded Plaintiff a total of $716, 449.46 in damages relating to the claims.  *Id*.

On May 19, 2025, Plaintiff filed a Motion to Reopen Case to Confirm Arbitration Award and Add Additional Defendants [Doc. No. 29], which the Court granted.  *See* Order [Doc. No. 30].  Plaintiff filed the present Application on July 30, 2025.  Plaintiff seeks confirmation of the arbitration award as to Defendants ASC and Rosenthal only.  *See* App. [Doc. No. 40] at 3.  Plaintiff also requests that the Court enter final judgment against ASC and Rosenthal.  *Id*. at 5.  Defendants ASC and Rosenthal did not file a response to the Application.

As an initial matter, this Court has jurisdiction to confirm the arbitration award. "There appears to be no dispute that when a court with subject-matter jurisdiction orders arbitration and then stays the suit pending resolution of the arbitral proceedings, that court retains jurisdiction to confirm or set aside the arbitral award." *Dodson Int'l Parts, Inc. v. Williams Int'l Co. LLC*, 12 F.4th 1212, 1227 (10th Cir. 2021) (citations omitted).  Prior to

---

³   The Commercial Rules of Arbitration Services, Inc., accessible at https://arbitrationservicesinc.com/arbitration-rules-consumer-procedures/, state "[a] respondent must file an answering statement in duplicate with Arbitration Services, Inc. within fifteen days after notice from Arbitration Services, Inc." [Doc. 40-1] at 2.

ordering the parties to arbitration, the Court had federal subject matter jurisdiction, based on federal question jurisdiction, as Plaintiff asserted a claim under RICO. *See* Am. Compl. [Doc. No. 10] at ¶¶ 11, 77-91. The parties did not dispute that the Court possessed subject matter jurisdiction over Plaintiff's claims before the Motion to Compel Arbitration was filed.

"[M]aximum deference is owed to the arbitrator's decision" and "judicial review of an arbitration award is very narrowly limited." *ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1462-63 (10th Cir. 1995) (citations omitted). If a party applies to the district court possessing jurisdiction for an order confirming an arbitration award under 9 U.S.C. § 9, the court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA. *See* 9 U.S.C. § 9. The Tenth Circuit has also noted that district courts have the authority to vacate "arbitration awards which violate public policy, were based on a manifest disregard of the law, or were arrived at without a fundamentally fair hearing." *P&P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 870 (10th Cir. 1990) (citing *Denver & Rio Grande W. R. Co. v. Union Pac. R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997)).

Defendants Rosenthal and ASC did not file responses to Application. Because a response wasn't filed, no "party to the arbitration" raised grounds for vacation, modification, or correction of the Award pursuant to the Federal Arbitration Act. *See* 9 U.S.C. §§ 10-11. Furthermore, the Court finds that the Award doesn't violate public policy, wasn't based on a manifest disregard of the law, nor was it arrived at without a

4

fundamentally fair hearing. Accordingly, the Court finds confirmation of the arbitration award as to ASC & Rosenthal is proper.

While the Court finds that confirmation of the arbitration award as against ASC and Rosenthal is proper at this time, the Court denies Plaintiff's request to enter final judgment against ASC and Rosenthal. The Tenth Circuit has cautioned district courts against the entering of a final judgment against some defendants while claims against other defendants remain pending. *See Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001). This is especially true where there is significant factual overlap between the claims and the claims seek the same relief. *Id*. In the Second Amended Complaint, Plaintiff alleges that the Defendants, collectively, engaged in a fraudulent scheme. *See generally* Second Am. Compl. [Doc. No. 33]. The Defendants are alleged to have concealed their identities, conspired in a scheme to defraud Plaintiff, and engaged in a criminal enterprise. The conduct of Defendants ASC and Rosenthal are not alleged to be different from the conduct of the other Defendants. Plaintiff seeks to hold the Defendants jointly and severally liable for the same claims of violations of RICO, conspiracy to commit fraud, and fraud. Given the same underlying facts and requests for relief between ASC, Rosenthal, and the other Defendants, the Court declines to enter a final judgment against ASC and Rosenthal at this time.

IT IS THEREFORE ORDERED that Plaintiff's Application to Confirm Arbitration Award and Brief in Support is hereby GRANTED in part and DENIED in part.

The arbitration award [Doc. No. 29-1], which is incorporated herein by reference, is confirmed as against Defendants ASC Group, LLC and Joseph Aaron Rosenthal. At this

time, the Court DENIES the Application to the extent that it seeks the entry of a final judgment against Defendants ASC Group, LLC and Joseph Aaron Rosenthal.

IT IS SO ORDERED this 9th day of March, 2026.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE